Peck, J.,
delivered the opinion of the court:
Milton Stapp, of G-alveston, Texas, represents that from the 1st day of July, 1867, up to the time of the filing of his petition, he had been acting as collector of internal revenue for the first district in the State of Texas. As such collector he had in his office revenue stamps to the amount of $6,637 33, for which he was responsible and accountable to the United' States. That of the foregoing stamps $2,614 02 were stolen from him, without fault or neglect on his part; and he seeks a decree relieving him from responsibility to the Treasury Department for the revenue stamps so stolen,-by directing that he be credited therefor on the books of the internal revenue department, under the authority of the act entitled “An act to extend the jurisdiction of the Court of Claims,” approved May 9,1866, (14 Stat. L., 44.)
The words of the act which the petitioner invites the court to *222 apply to Ms case are as follows: “The Court of Claims shall have jurisdiction to hear and determine the claim of any paymaster, quartermaster, commissary of subsistence, or other disbursing officer of the United States, or of his administrators or executors, for relief from responsibility on account of losses by capture or otherwise, in the line of his duty, of governmentfunds, vouchers, records, and papers in his charge, and for which such officer was and is held responsible;” and whenever the court shall have ascertained the fact that such loss had been without the fault of the officer, then a decree should be made setting forth the amount of the loss, which would authorize the proper accounting officers in the settlement of his accounts to allow a credit therefor to the officer who was apparently in default.
This claimant does not show that he is a disbursing officer within the spirit and intent of the act he invoices us to consider. A collector of internal revenue has duties entirely different from those of a disbursing officer; he gathers for those who are after-wards called to distribute.
The brief filed by the solicitors for petitioner refers to the act approved March 3, 1865, without naming the section of the act which they say made the petitioner a disbursing agent. Upon referring to that act, (13 Stat.L., 483, §4,) we find it is made the duty of such of the collectors of internal revenue as the Secretary of the Treasury “ may direct” to act as disbursing agents, for the payment of the lawful expenses incident to carrying into effect the various acts relative to the assessment and collection of the internal revenues, after the 30th day of June, 1865, until the 1st day of July, 1866. But this section does not malee all collectors of internal revenue disbursing agents, but only such of them as the Secretary of the Treasury “may direct.” The time for which the Secretary of the Treasury might direct this service to be performed by collectors was limited to the 1st day of July, 1866, and the petition in this case avers that the loss complained of occurred in 1867, which was after the authority to make the petitioner a disbursing agent had expired. This is not the only obstacle to granting the decree asked. There is nothing to show that the petitioner had been made a disbursing agent by the direction of the Secretary of the Treasury, if that power was deposited with him; without this, he was not a disbursing agent, even though the loss had occurred prior to the 1st day of July, 1866.
The petition is dismissed.